**AFFIRMED and Opinion Filed July 26, 2021**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00632-CV

**HOLDEN THOMAS, HERBERT THOMAS AND JACKSON THOMAS,**
**Appellants**
**V.**
**WM. CHARLES BUNDREN & ASSOCIATES LAW GROUP PLLC,**
**Appellee**

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-06694-2019**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

In this interlocutory appeal, appellants Holden Thomas, Herbert Thomas, and

Jackson Thomas ask us to reverse the trial court's order denying their motion to

dismiss appellee Wm. Charles Bundren & Associates Law Group PLLC (Bundren)'s

third-party claim pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX.

CIV. PRAC. & REM. CODE ANN. §§ 27.001 *et seq.* In their first issue, Appellants

contend that the trial court erred by finding that the TCPA does not apply to

Bundren's third-party claim, Bundren failed to establish a prima facie case for

essential elements of its third-party claim, and Appellants proved their affirmative

defense of limitations. In their second issue, Appellants ask us to remand this cause for a determination of attorney fees and costs. In two cross issues, Bundren contends that the trial court erred in denying its motion to conduct limited discovery and in failing to award its fees and costs for defeating Appellants' TCPA motion. We affirm the order of the trial court.

## BACKGROUND

Appellants are a father and his two sons.[1] Holden, one of the sons, was at all relevant times the president, CEO, and controlling shareholder of Oak Mortgage Group, Inc., defendant and counterclaimant below. Holden's father, Herbert, is a lawyer who served as general counsel for Oak Mortgage. Holden's brother, Jackson, was an officer of Oak Mortgage, though Jackson's title and interest in Oak Mortgage, if any, are not apparent from the record.

### A. 2015 Oak Mortgage/Ameripro Dispute and Litigation

Oak Mortgage was in the business of originating and selling residential mortgages in Texas. In mid-January 2015, Oak Mortgage hired three loan officers, Michael Nasserfar, Michael Task, and Ty Gosnay (the loan officers). Prior to joining Oak Mortgage, the loan officers were employed by Ameripro Funding, Inc. (Ameripro), a competitor of Oak Mortgage. After the hiring, litigation ensued between Oak Mortgage, Ameripro, and the loan officers. First, Ameripro filed a Rule

---

[1] To avoid confusion and for ease of reference, we will refer to the Thomases individually by their first name and collectively as "Appellants."

202 petition in Travis County to investigate potential claims against Oak Mortgage and the loan officers. *See* TEX. R. CIV. P. 202. Oak Mortgage retained Bundren to represent it and the loan officers in the Rule 202 action, and the case was ultimately dismissed in February 2015. Next, Oak Mortgage and the loan officers sued Ameripro in Travis County District Court (the Ameripro lawsuit), although the details of that litigation are not clear from this record.[2] In December 2015, Oak Mortgage retained additional counsel, Baxter Banowsky, to assist with the Ameripro lawsuit. Soon thereafter, the case settled and all claims dismissed with prejudice by judicial order entered January 16, 2016.

## B. Instant Lawsuit

Nearly four years later, in December 2019, Bundren initiated the instant action against Oak Mortgage, seeking unpaid legal fees incurred in the Ameripro lawsuit. In January 2020, Bundren joined two additional defendants, Holden Thomas and Jason Sherman (a minority shareholder in Oak Mortgage), alleging that they fraudulently caused Oak Mortgage to become insolvent and therefore unable to pay the legal fees Bundren sought to recover. In February 2020, Oak Mortgage filed a counterclaim against Bundren, asserting causes of action for breach of fiduciary duty

---

[2] The appellate record does not contain any pleadings from the Ameripro lawsuit, but we have the case style: *Oak Mortgage Group, Inc., Michael H. Nasserfar, Michael E. Task and Tycord R. Gosnay v. Ameripro Funding, Inc.*, No. D-1-GN-15-000785 (345th Dist. Ct., Travis Cty., Tex. 2015). We ascertain from the record that the Ameripro lawsuit involved, at least in part, affirmative claims for unpaid compensation by the loan officers against Ameripro. The record does not reflect what claims Oak Mortgage asserted as a named plaintiff. Nor does the record reflect whether the loan officers asserted any other claims or whether Ameripro asserted any counterclaims.

and legal malpractice. With respect to the first cause of action, Oak Mortgage alleged that Bundren breached its fiduciary duty to Oak Mortgage by: (1) failing to disclose a conflict of interest in undertaking joint representation of Oak Mortgage and the loan officers in the Ameripro lawsuit;[3] (2) charging Oak Mortgage for legal fees related to the prosecution of the loan officers' unpaid-compensation claim against Ameripro, in which Oak Mortgage had no interest; (3) billing for the time of non-lawyers as if they were lawyers; and (4) billing for time not actually expended in the Ameripro lawsuit. In its legal malpractice claim, Oak Mortgage alleged that Bundren failed to properly monitor the Ameripro lawsuit, engaged in "all-out litigation" without pursuing early resolution, violated court orders, and instructed retained consultants to destroy evidence.

On March 18, 2020, Bundren filed the third-party petition at issue in this appeal. Bundren named Appellants, Banowsky, Jason Sherman, and Doug Sherman (another Oak Mortgage officer) as third-party defendants. Bundren alleged that Oak Mortgage's counterclaim was barred by the actions of the third-party defendants—Oak Mortgage's own agents—under the Texas proportionate responsibility statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.001 *et seq.* Alternatively, Bundren contended that the actions of the third-party defendants were "the sole cause" or

---

[3] According to Oak Mortgage, its interests were adverse to the loan officers in part because, unlike them, it did not have any direct claims against Ameripro. Thus, Oak Mortgage concludes, Bundren wrongly billed Oak Mortgage for prosecuting claims in which it had no vested interest.

–4–

"contributed to the cause" of any harm to Oak Mortgage as set forth in the counterclaim.

On April 13, 2020, the Thomases and Banowsky (the movants) filed a motion to dismiss Bundren's third-party petition pursuant to the TCPA.[4] They argued that the TCPA applied because Bundren's third-party claim implicated their TCPA-defined right to petition. The movants further argued that Bundren could not establish a prima facie case for each element of his negligence claim because two of them owed no duty, there was no evidence any of them breached any such duty, and there was no evidence of proximate cause or damages flowing from any breach. Finally, the movants argued that they were entitled to dismissal on their affirmative defense under the statute of limitations. The movants scheduled a hearing on their motion for May 19, 2020, meaning Bundren's response was due on May 12, 2020. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(e).

Bundren did not timely respond to the motion to dismiss. On May 15, 2020, Bundren filed its response, along with a motion for leave to late-file the response. Bundren also filed a motion for limited discovery pursuant to Section 27.006(b) of the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.006(b). At the May 19 hearing, Bundren explained that it was seeking discovery related to the cause, and amount,

---

[4] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law. Serv. 684, 687. The original petition was filed on December 12, 2019, and the third-party claim was filed on March 18, 2020, so the new law applies.

of damages being asserted against it by the Oak Counterclaim. Bundren argued that those issues were relevant because its third-party claim is derivative of Oak Mortgage's counterclaim and seeks only to apportion responsibility among the third-party defendants. The movants argued that additional discovery was not needed because Bundren failed to file a response, and thus the trial court could dispose of the motion to dismiss by considering only the first and third steps of the TCPA analysis. The movants further argued that, because Bundren failed to specify what discovery it sought, the trial court had no choice but to deny the motion for limited discovery. Finally, the movants disputed Bundren's characterization of its third-party petition as merely derivative of Oak Mortgage's counterclaim. According to the movants, Bundren's third-party petition sought the recovery of $398,000 from the third-party defendants in addition to their liability for unspecified damages sought by Oak Mortgage.

The trial court did not immediately rule on any motions. Instead, it continued the hearing to May 28 and directed Bundren to file, in the interim, the specific discovery requests that it intended to serve. The trial court also directed the movants to file any objections to said discovery. On May 21, 2020, Bundren voluntary dismissed its claims against third-party defendants Banowsky, Jason Sherman, and Doug Sherman, leaving only Appellants as third-party defendants. The following day, Bundren filed an amended motion for limited discovery, attaching specific discovery instruments to the motion pursuant to the trial court's directive. On May

26, 2020, two days before the second hearing, Bundren filed an amended third-party petition. The amended pleading asserted that any injuries Oak Mortgage asserts in its counterclaim were caused by Appellants' conduct before and during the Ameripro lawsuit. The amended third-party petition also removed certain factual allegations, namely that Appellants negligently advised and directed Bundren with respect to the Ameripro lawsuit.

Following the second hearing, the trial court denied Appellants' motion. In its order, the trial court granted Bundren's request to late-file its response to the motion to dismiss but denied Bundren's motion to conduct limited discovery. The trial court concluded Appellants failed to carry their burden to show that the TCPA applies to Bundren's third-party claim. The trial court further held that Appellants failed to carry their burden to prove their affirmative defense of limitations. This appeal followed.

## THE TCPA AND STANDARD OF REVIEW

Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," a legislative enactment to curb "strategic lawsuits against public participation." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868 (Tex. App.—Dallas 2014, no pet.). The primary feature of the TCPA is a dismissal framework that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's exercise of a protected right. *Equine Holdings, LLC v. Jacoby*, No. 05-19-00758-CV, 2020

WL 2079183, at *6 (Tex. App.—Dallas Apr. 30, 2020, pet. denied) (mem. op.). This dismissal framework involves a burden-shifting scheme. The moving party bears the initial burden of demonstrating "that the legal action is based on or is in response to the party's exercise of the right of free speech, the right to petition, or the right of association." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b).[5] If the movant carries that burden, the nonmovant seeking to avoid dismissal must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). Notwithstanding the nonmovant's proof of a prima facie case, however, the court must dismiss a legal action if the movant establishes an affirmative defense or other grounds on which it is entitled to judgment as a matter of law. *Id.* § 27.005(d).

We review de novo the trial court's ruling on a TCPA motion, including the trial court's determinations as to whether the parties met or failed to meet their respective burdens under section 27.005. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *Brenner v. Centurion Logistics LLC ex rel. Centurion Pecos Terminal LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *3 (Tex. App.—Dallas Dec. 14, 2020, no pet.) (mem. op.). In conducting our review, we consider the pleadings, any supporting and opposing affidavits, and other evidence stating the facts on which the claim or defense is based in the light most

---

[5] The 2019 amendment to the statute omitted legal actions "related to" the protected activities.

favorable to the non-movant, favoring the conclusion that its claims are not predicated on protected expression. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *see also Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *Damonte v. Hallmark Fin. Services, Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.). "Any activities by the movant that are not a factual predicate for the non-movant's claims are not pertinent to our inquiry regarding whether the TCPA applies." *Riggs & Ray, P.C. v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.). Triggering the TCPA's protection requires that the alleged communication satisfying the TCPA's definition of the "exercise of the right to petition" provide the factual predicate for the challenged "legal action." *Dyer v. Medoc Health Services, LLC*, 573 S.W.3d 418, 429 (Tex. App.—Dallas 2019, pet. denied) ("In order to trigger the TCPA's protection, the 'legal action' must be 'factually predicated on the alleged conduct that falls within the scope of [the] TCPA's definition of 'exercise of the right of free speech, petition, or association.'").

## DISCUSSION

## I. Jurisdiction

We begin with Bundren's contention that Appellants lacked standing to seek dismissal under the TCPA. Standing is a party's justiciable interest in a controversy. *Esty v. Beal Bank S.S.B.*, 298 S.W.3d 280, 293 (Tex. App.—Dallas 2009, no pet.).

Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate. *Id.* Only the person whose primary legal right has been breached may seek redress for an injury. *Id.* Standing is a necessary component of subject-matter jurisdiction and a constitutional prerequisite to maintaining suit under Texas law. *Id.* Absent standing, a trial court has no jurisdiction to hear the case. *See id.*

Bundren argues that Appellants lacked standing to bring the motion to dismiss because they were not parties to the Ameripro lawsuit and, at best, were speaking only as agents of Oak Mortgage. This argument conflates the concept of standing with the merits of a motion to dismiss under the TCPA. A party may invoke the TCPA's dismissal procedure if that party demonstrates that the legal action against it is based on or in response to that party's exercise of the right to speak, petition, or associate. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *See also Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). If the party cannot make that requisite showing, the appropriate remedy is to deny its motion. *See, e.g.*, *Snell v. Ellis*, No. 05-20-00642-CV, 2021 WL 1248276, at *6 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.). That a TCPA motion may be denied on the merits does not mean that the movant had no standing to file it. *See Ho Yoo v. Hornok*, No. 05-19-01590-CV, 2020 WL 6791521, at *3 (Tex. App.—Dallas Nov. 19, 2020, no pet.) (mem. op.) ("A lack-of-standing claim has no place in the discussion whether a defendant named by the plaintiff in the suit may file a motion for summary judgment, successive or otherwise."); *Jacaman v. Nationstar Mortg., LLC*, No. 04-17-00048-

–10–

CV, 2018 WL 842975, at *6 (Tex. App.—San Antonio Feb. 14, 2018, no pet.) (mem. op.) ("A plaintiff cannot file claims against a defendant and then complain on appeal that the defendant lacked standing to file a motion for summary judgment."). Whether an agent is entitled to seek the TCPA's protections for statements made on behalf of a principal is a question of the TCPA's applicability, not the trial court's jurisdiction to resolve the issue. *See Snell*, 2021 WL 1248276, at *7, n.19 ("[W]hen movants have failed to demonstrate their own exercise of, or have relied on another party's exercise of a TCPA-protected right, we have concluded the TCPA does not apply.") (citations omitted).

We conclude that the doctrine of standing did not apply to deprive the trial court of jurisdiction to decide Appellants' TCPA motion.[6]

## II. Applicability of the TCPA to Bundren's third-party petition

Appellants contend that the trial court erred in ruling that the TCPA does not apply to Bundren's third-party petition, asserting that Bundren's third-party claim is based on their communications with Oak Mortgage and Bundren made in or pertaining to the Ameripro lawsuit.[7]

---

[6] Because of our resolution of this appeal on other grounds, as stated below, we do not address the merits of Bundren's complaint that an agent cannot rely on its own statements made on behalf of a principal to carry its burden under section 27.005(b) of the TCPA.

[7] In their opening brief, Appellants focus their arguments on Bundren's original third-party petition. Bundren's response brief posits that neither its original third-party petition nor its first amended third-party petition is subject to the TCPA. In their reply brief, Appellants contend that Bundren's amended third-party petition was an attempt to excise factual allegations that would trigger the TCPA. As such, they argue, their motion to dismiss survives Bundren's "11th hour amendment," because they are entitled to dismissal on the original filing. Where an amended pleading includes new essential factual allegations that were not

In order for a movant to trigger the TCPA's dismissal framework, there must first be a communication. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2)–(4) (rights to petition, of free speech, and of association each defined in context of attendant communications). The TCPA defines "communication" to include "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *See id.* § 27.001(1). In determining whether Appellants satisfied their initial burden, when, as here, the lawsuit involves claims predicated on more than one communication, we analyze each statement. *See Brenner*, 2020 WL 7332847, at *4 (holding step one of TCPA analysis requires statement-by-statement analysis when lawsuit involves claims predicated on more than one communication).

In both their TCPA motion and appellate brief, Appellants point to paragraphs 45, 46, 105, 108, 111, and 112 of Bundren's third-party petition as containing the

---

included in the prior pleading, it constitutes a new legal action and restarts the 60-day period to seek dismissal of the added claims. *Montelongo v. Abrea*, 622 S.W.3d 290, 297 (Tex. 2021). A party cannot avoid dismissal of a claim by non-suit after a TCPA motion has been filed. *McDonald Oilfield Operations, LLC v. 3B Inspection, LLC*, 582 S.W.3d 732, 752 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Nor can a party circumvent the TCPA through artful pleading. *See Reeves v. Harbor Am. Cent., Inc.*, No. 14-18-00594-CV, 2020 WL 2026527, at *2 n.2 (Tex. App.—Houston [14th Dist.] Apr. 28, 2020, pet. denied). Here, the trial court concluded that the original and amended third-party petitions contain the same claims of negligence, with almost verbatim allegations. Neither party challenges this holding. Because the amended petition does not add any new claims or factual allegations, we will limit our analysis to Bundren's original third-party petition. *See Reeves*, 2020 WL 2026527, at *2 n.2 (considering communications alleged in original pleading to determine TCPA applicability despite nonmovant's amended pleading that removed references to the alleged communications).

communications which implicate Appellants' right to petition. In those paragraphs, Bundren alleged[8]:

> 45. [Herbert][9] is a Third-Party Defendant. [Herbert] is a lawyer licensed by the State Bar of Texas and served as General Counsel for Oak Mortgage in 2014 through 2016 and directly participated in giving direction and instruction to [Bundren] regarding the Ameripro [lawsuit]. [Herbert] committed legal malpractice in the advice he gave to Oak Mortgage regarding the solicitation and hiring of [the loan officers]. [Herbert] committed legal malpractice in the advice he gave to [the loan officers] to solicit and convince them to terminate their employment with Ameripro and enter into employment contracts with Oak Mortgage. [Herbert] committed legal malpractice in the advice he gave to Oak Mortgage regarding the Ameripro [lawsuit] and settlement of that litigation. [Herbert] committed legal malpractice in the advice he gave to [Holden] and Jason Sherman regarding the sale of the assets of Oak Mortgage without paying the creditors of Oak Mortgage, including [Bundren]. . . .The acts of negligence and omission of [Herbert], as described in detail herein, was a direct and proximate cause of any and all harm, injury and damages, if any, alleged by Oak Mortgage in the Oak Counterclaim.

> 46. [Banowsky][10] is a Third-Party Defendant. [Banowsky] is a lawyer licensed by the State Bar of Texas and served as legal Counsel for Oak Mortgage in 2015 through 2016 and directly participated in giving direction and instruction to [Bundren] regarding the Ameripro [lawsuit], including the settlement of the Ameripro [lawsuit]. [Banowsky] participated in undisclosed settlement negotiations with Ameripro and advised Oak Mortgage regarding the Ameripro [lawsuit] without the knowledge of [Bundren]. [Banowsky] committed legal malpractice in the advice and recommendations he made to Oak Mortgage. . . .The acts of negligence and omission of [Banowsky] was

---

[8] The referenced numbered paragraphs are quoted from the Original Third-Party Petition.

[9] The third-party petition refers to appellant Herbert Thomas interchangeably as "Herbert H. Thomas," "Herbert H. Thomas, Esq.," and "Herbert Thomas, Esq." As mentioned before, we refer to him by his first name.

[10] The third-party petition refers to Baxter Banowsky interchangeably as "Baxter Banowsky," "Baxter Banowsky, esq." and "Banowsky." We will refer to him by his last name.

[*sic*] a direct and proximate cause of any and all harm, injury and damages, if any, alleged by Oak Mortgage in the Oak Counterclaim.

105. [Herbert] negligently advised, directed and instructed [Bundren] regarding the handling of the Ameripro [lawsuit]. [Herbert] withheld critical information from [Bundren] regarding Oak Mortgage's recruitment of [the loan officers] while they were still employees of Ameripro in late 2014 in early 2015.

108. [Holden] negligently advised, directed and instructed [Bundren] regarding the handling of the Ameripro [lawsuit]. [Holden] withheld critical information from [Bundren] regarding Oak Mortgage's recruitment [the loan officers] while they were still employees of Ameripro in late 2014 in early 2015.

111. [Jackson] negligently advised, directed and instructed [Bundren] regarding the handling of the Ameripro [lawsuit]. [Holden][11] withheld critical information from [Bundren] regarding Oak Mortgage's recruitment of the loan officers while they were still employees of Ameripro in late 2014 in early 2015.

112. [Banowsky] negligently advised, directed and instructed [Bundren] regarding the handling of the [Ameripro lawsuit] and the settlement of that litigation. He failed to advise Oak Mortgage that Ameripro had no damages and could prove no damages as a result of any actions of Oak Mortgage [or the loan officers]. [Banowsky] negligently advised Oak Mortgage to pay money to Ameripro to settle the [Ameripro lawsuit] when Oak Mortgage had no liability for damages to Ameripro. [Banowsky] negligently advised Oak Mortgage regarding the designation and disclosure of rebuttal expert witnesses for Oak Mortgage [and the loan officers]. [Banowsky] negligently advised Oak Mortgage regarding the designation and striking of all expert witnesses for Ameripro which would have resulted in the inability of Ameripro to present any evidence regarding lost profits or other alleged damages asserted by Ameripro in the [Ameripro lawsuit].

---

[11] The reference to Holden here appears to be a typographical error. Paragraphs 103–05 refer to Herbert and mention him six times by name. Those paragraphs are then copied and pasted almost verbatim as paragraphs 106–08, only replacing Herbert's name with Holden's. The paragraphs are then copied and pasted again as paragraphs 109–11, now with Jackson's name replacing Holden's' in all but this reference. As such, the second sentence of paragraphs 108 and 111 are identical.

We begin with paragraphs 46 and 112. These paragraphs contain allegations about Banowsky, the lawyer Oak Mortgage hired to assist with the Ameripro lawsuit in December 2015. Banowsky moved to dismiss along with Appellants but did not appeal the trial court's order denying the motion. Accordingly, we do not have jurisdiction to decide whether the trial court erred in denying the motion as to Banowsky. *See Palladium Metal Recycling, LLC v. 5G Metals, Inc.*, No. 05-19-00482-CV, 2020 WL 4333538, at *7 (Tex. App.—Dallas July 28, 2020, no pet.) (mem. op.) (appellate court could not review trial court's ruling on a TCPA motion to dismiss where party adversely affected by that ruling did not file a notice of appeal) (citing TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal.")). Nor can Appellants rely on allegations against Banowsky to meet their own step-one burden to invoke the TCPA. *See Republic Tavern & Music Hall, LLC v. Laurenzo's Midtown Mgmt., LLC*, 618 S.W.3d 118, 124 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (only the party who exercised a right protected by the TCPA can seek dismissal thereunder). Therefore, as Appellants may not rely upon these allegations, we exclude paragraphs 46 and 112 from our analysis.

We next turn to paragraph 45, wherein Bundren alleges that Herbert committed legal malpractice both before and during the Ameripro lawsuit. Appellants contend that this paragraph implicates Herbert's right to petition under the TCPA. Bundren responds in part that allegations about Herbert's pre-suit

–15–

conduct and communications are not protected by the TCPA under the right to petition, because they could not have been based on or in response to a pending lawsuit. In their reply brief, Appellants agree that their pre-suit communications and conduct are immaterial to Oak Mortgage's counterclaim and thus to Bundren's third-party claim. They contend, however, that the entire third-party petition implicates their exercise of the right to petition because, while some of its allegations are not material to the TCPA analysis, others are. Specifically, paragraph 45 includes an allegation that Herbert committed legal malpractice in the advice he gave his sons during the Ameripro lawsuit regarding the sale of Oak Mortgage's assets.

As noted previously, when a TCPA movant seeks dismissal on the grounds that the non-movant's legal action is predicated on more than one communication, we analyze each communication separately. *See Brenner*, 2020 WL 7332847, at *4. But "[w]hen the pleadings, evidence, and parties' arguments are based on a mix of protected and unprotected activity, and they do not distinguish between the two, a defendant–movant's motion to dismiss under the TCPA should be denied." *White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at *5 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.).

Paragraph 45 contains a mix of allegations about Herbert, including that he committed legal malpractice both before and during the pendency of the Ameripro lawsuit. Herbert's pre-suit communications are not protected by the TCPA as

–16–

exercises of the right to petition. *See Levatino v. Apple Tree Cafe Touring, Inc.*, 486 S.W.3d 724, 729 (Tex. App.—Dallas 2016, pet. denied) ("[W]e conclude that the ordinary meaning of 'a judicial proceeding' is an actual, pending judicial proceeding.") (citing TEX. R. CIV. P. 22; FED. R. CIV. P. 3). To the extent Herbert's communications made during the pendency of the Ameripro lawsuit were covered under the TCPA, we cannot conclude that the trial court erred in denying the motion to dismiss as to Herbert. Bundren's third-party claim asserts that any damages Oak Mortgage seeks to recover in its counterclaim were caused by Appellants' conduct both before and during the Ameripro lawsuit. Appellants have provided "no way to parse out" the protected communications from the unprotected ones and we can find none. *See White Nile*, 2020 WL 5104966, at *5 (citing *Weller v. MonoCoque Diversified Interests, LLC*, No. 03-19-00127-CV, 2020 WL 3582885, at *4 (Tex. App.—Austin July 1, 2020, no pet.) (mem. op.))

We are left to determine whether Bundren's claim against Appellants is based on or in response to any communication by Appellants as alleged in paragraphs 105, 108, and 111 of Bundren's third-party petition. We conclude that it is not. As we have by now repeatedly held, "allegations of merely withholding statements or documents are insufficient to allege a 'communication' as protected by the TCPA." *Locke Lord LLP v. Retractable Techs., Inc.*, No. 05-20-00884-CV, 2021 WL 1540652, at *2 (Tex. App.—Dallas Apr. 20, 2021, no pet. h.) (citing *Krasnicki v. Tactical Entm't, LLC*, 583 S.W.3d 279, 284 (Tex. App.—Dallas 2019, pet. denied)).

–17–

In *Krasnicki*, we considered whether the failure to disclose information constituted a communication under the TCPA. 583 S.W.3d at 284. Tactical sued Krasnicki and his software company for fraudulent inducement, deceptive trade practices, and negligent misrepresentation in connection with the development of a mobile game. Tactical alleged that Krasnicki had unilaterally deviated from the agreed-upon plan to develop the game on two separate servers and failed to disclose that fact to Tactical. Krasnicki moved dismiss Tactical's claims pursuant to the TCPA, but the trial court denied the motion. On appeal, we first noted that, as defined by the TCPA, "the term 'communication' involves the *making* or *submitting* of a statement or document in any form or medium." *Id.* at 283–84 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(1)) (emphasis in original). This definition "makes no reference to the withholding of a statement or document." *Id.* To include the withholding of a statement or document to the definition of "communication" would be tantamount to judicially amending the TCPA, which we cannot do. *Id.* at 284 (citing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015)). Adding non-communications to the definition of communication would also lead to an absurd result because "nothing would be outside the scope of the TCPA." *Id.* Accordingly, we affirmed the trial court's order denying Krasnicki's motion to dismiss.

As the parties acknowledge, Bundren's third-party petition is derivative of Oak Mortgage's counterclaim. The gravamen of Bundren's claim is that, to the extent Oak Mortgage suffered any injuries as a result of Bundren's legal

representation in the Ameripro lawsuit, those injuries are ultimately due to Appellants' negligence. Specifically, paragraphs 105, 108, and 111 contain the same allegations against each Appellant. The first sentence of each paragraph alleges that Appellants "negligently advised, directed and instructed" Bundren with respect to the Ameripro lawsuit. The second sentence of each paragraph explains *how* Appellants were negligent: by withholding critical information from Bundren. Bundren's claim of negligence is not based on or in response to any of Appellants' affirmative communications, but rather on their silence. Bundren alleges that, but for Appellants' withholding of such information, the injuries they allege in their counterclaim would never have occurred. As we explained in *Krasnicki*, the failure to make a statement cannot qualify as a "communication" under the TCPA.

For these reasons, we conclude that the TCPA does not apply to Bundren's third-party petition. Because the TCPA does not apply, we do not reach whether Appellants proved their affirmative defense of limitations. We overrule Appellants' first issue and therefore do not reach Appellants' second issue requesting remand for an award of attorneys' fees and costs.

## III.  Bundren's cross-issues

In its first cross-issue, Bundren argues that the trial court erred in denying its motion to conduct limited discovery. Given our disposition of Appellants' first issue, we overrule Bundren's first cross-issue as moot.

In its second cross-issue, Bundren argues that the trial court erred in denying its motion for attorneys' fees in connection with the denial of Appellants' motion to dismiss. Appellants argue that Bundren waived this issue for appeal. We agree. Under rule 25.1(c), this Court "may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." *See* TEX. R. APP. P. 25.1(c); *see also Perlman v. EKLS Firestopping & Constr., LLC*, No. 05-18-00971-CV, 2019 WL 2710752, at *5 (Tex. App.—Dallas June 28, 2019, no pet.) (mem. op.). Bundren did not file a notice of appeal from the denial of its request for attorneys' fees and has made no just cause argument. Accordingly, Bundren has waived our consideration of this issue on appeal.

## CONCLUSION

We hold that the TCPA does not apply to Bundren's third-party petition, overrule Appellants' first issue, and do not reach the second issue. We overrule Bundren's first cross-issue as moot and hold that Bundren waived its second cross-issue for appeal. We affirm the trial court's order.

/Bonnie Lee Goldstein/

BONNIE LEE GOLDSTEIN
JUSTICE

200632F.P05

–20–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HOLDEN THOMAS, HERBERT THOMAS AND JACKSON THOMAS, Appellant

No. 05-20-00632-CV      V.

WM. CHARLES BUNDREN & ASSOCIATES LAW GROUP PLLC, Appellee

On Appeal from the 471st Judicial District Court, Collin County, Texas Trial Court Cause No. 471-06694-2019.
Opinion delivered by Justice Goldstein. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WM. CHARLES BUNDREN & ASSOCIATES LAW GROUP PLLC recover its costs of this appeal from appellants HOLDEN THOMAS, HERBERT THOMAS AND JACKSON THOMAS.

Judgment entered July 26, 2021.